MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SIMON      MARQUEZ      MALDONADO,
*individually and on behalf of others similarly*
*situated,*

**COMPLAINT**

*Plaintiff,*

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

-against-

WORKHORSE RESTAURANT INC. (D/B/A
REGIONAL), DARIO ARENELLA, PIETRO
ARENELLA (A.K.A. PIERPAOLO), and
JODY ARENELLA,

**ECF Case**

*Defendants.*
-------------------------------------------------------X

Plaintiff Simon Marquez Maldonado ("Plaintiff Marquez" or "Mr. Marquez"), individually

and on behalf of others similarly situated, by and through his attorneys, Michael Faillace &

Associates, P.C., upon his knowledge and belief, and as against Workhorse Restaurant Inc. (d/b/a

Regional), ("Defendant Corporation"), Dario Arenella,  Pietro Arenella (a.k.a. Pierpaolo), and

Jody Arenella, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.    Plaintiff Marquez is a former employee of Defendants Workhorse Restaurant Inc.

(d/b/a Regional), Dario Arenella, Pietro Arenella (a.k.a. Pierpaolo), and Jody Arenella.

2.     Defendants own, operate, or control an Italian restaurant, located at 2607 Broadway,

New York, NY 10025 under the name "Regional".

3.    Upon information and belief, individual Defendants Dario Arenella, Pietro Arenella (a.k.a. Pierpaolo), and Jody Arenella, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Marquez was employed as a cook and a salad preparer at the restaurant located at 2607 Broadway, New York, NY 10025.

5.    At all times relevant to this Complaint, Plaintiff Marquez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Marquez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Further, Defendants failed to pay Plaintiff Marquez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiff Marquez wages on a timely basis.

9.    Defendants' conduct extended beyond Plaintiff Marquez to all other similarly situated employees.

10.   At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Marquez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.   Plaintiff Marquez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.   Plaintiff Marquez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Marquez's state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district. Further, Plaintiff Marquez was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15.   Plaintiff Simon Marquez Maldonado ("Plaintiff Marquez" or "Mr. Marquez") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Marquez was employed by Defendants at Regional from approximately October 2017 until on or about March 31, 2019.

17.     Plaintiff Marquez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled an Italian restaurant, located at 2607 Broadway, New York, NY 10025 under the name "Regional".

19.     Upon information and belief, Workhorse Restaurant Inc. (d/b/a Regional) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2607 Broadway, New York, NY 10025.

20.     Defendant Dario Arenella is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dario Arenella is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Dario Arenella possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Marquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.     Defendant Pietro Arenella (a.k.a. Pierpaolo) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pietro Arenella (a.k.a. Pierpaolo) is sued individually in his capacity as owner, officer and/or agent of

Defendant Corporation. Defendant Pietro Arenella (a.k.a. Pierpaolo) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Marquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22.    Defendant Jody Arenella is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jody Arenella is sued individually in her capacity as a manager of Defendant Corporation. Defendant Jody Arenella possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Marquez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.    Defendants operate an Italian restaurant located in the Upper West Side section of Manhattan in New York City.

24.    Individual Defendants, Dario Arenella, Pietro Arenella (a.k.a. Pierpaolo), and Jody Arenella, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Marquez's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Marquez, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Marquez (and all similarly situated employees) and are Plaintiff Marquez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Marquez and/or similarly situated individuals.

29.     Upon information and belief, Individual Defendants Dario Arenella and Pietro Arenella (a.k.a. Pierpaolo) operated Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f)  intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Marquez's employers within the meaning of the FLSA and New York Labor Law.

31. Defendants had the power to hire and fire Plaintiff Marquez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Marquez's services.

32. In each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Marquez is a former employee of Defendants who was employed as a cook and a salad preparer.

35. Plaintiff Marquez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Simon Marquez Maldonado*

36. Plaintiff Marquez was employed by Defendants from approximately October 2017 until on or about March 31, 2019.

37. Defendants employed Plaintiff Marquez as a cook and a salad preparer.

38.     Plaintiff Marquez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.     Plaintiff Marquez's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Marquez regularly worked in excess of 40 hours per week.

41.     From approximately October 2017 until on or about October 2018 and then from approximately March 1, 2019 until on or about March 31, 2019, Plaintiff Marquez worked from approximately 2:00 p.m. until on or about 11:30 p.m., Mondays, Tuesdays, Thursdays and Fridays, from approximately 10:00 a.m. until on or about 11:30 p.m., on Saturdays, and from approximately 10:00 a.m. until on or about 10:30 p.m., on Sundays (typically 64 hours per week).

42.     From approximately November 2018 until on or about December 2018, Plaintiff Marquez worked from approximately 2:00 p.m. until on or about 11:30 p.m., Mondays through Fridays, from approximately 10:00 a.m. until on or about 11:30 p.m., on Saturdays, and from approximately 10:00 a.m. until on or about 10:30 p.m., on Sundays (typically 73.5 hours per week).

43.     From approximately January 2019 until on or about February 2019, Plaintiff Marquez worked from approximately 1:00 p.m. until on or about 11:30 p.m., Mondays through Fridays (three weeks per month), and Mondays, Tuesdays, Thursdays and Fridays (one week per month), from approximately 10:00 a.m. until on or about 11:30 p.m., on Saturdays, and from approximately 10:00 a.m. until on or about 10:30 p.m., on Sundays (typically 68 to 78.5 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Marquez his wages in cash.

45.     From approximately October 2017 until on or about December 2018 and then from approximately March 1, 2019 until on or about March 31, 2019, Defendants paid Plaintiff Marquez a fixed salary of $750 per week.

46.     From approximately January 2019 until on or about February 2019, Defendants paid Plaintiff Marquez a fixed salary of $850 per week.

47.     Plaintiff Marquez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48.     For example, Defendants required Plaintiff Marquez to work an additional 5 minutes past his scheduled departure time often, and did not pay him for the additional time he worked.

49.     Defendants seldom granted Plaintiff Marquez uninterrupted breaks or meal periods.

50.     Plaintiff Marquez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

51.     However, in order to get paid, Plaintiff Marquez was required to fill in and sign a document that misrepresented the hours that he worked per week.

52.     No up to date notification, either in the form of posted notices or other means, was ever given to Plaintiff Marquez regarding overtime and wages under the FLSA and NYLL. In fact, the notices were from the year 2005.

53.     Defendants did not provide Plaintiff Marquez an accurate statement of wages, as required by NYLL 195(3).

54.     Defendants did not give any notice to Plaintiff Marquez, in English and in Spanish (Plaintiff Marquez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.     Defendants required Plaintiff Marquez to purchase "tools of the trade" with his own funds—including three pairs of shoes and boxes of hair nets.

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Marquez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

57.     Plaintiff Marquez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants' pay practices resulted in Plaintiff Marquez not receiving payment for all his hours worked, and resulted in Plaintiff Marquez's effective rate of pay falling below the required minimum wage rate.

59.     Defendants habitually required Plaintiff Marquez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61.     Defendants required Plaintiff Marquez to fill in and sign a document that reflected inaccurate or false hours worked, in order to get paid.

62.     Defendants paid Plaintiff Marquez his wages in cash.

63.    Defendants failed to post at the workplace, or otherwise provide to employees, the required up to date postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

64.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Marquez (and similarly situated individuals) worked, and to avoid paying Plaintiff Marquez properly for his full hours worked.

65.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Marquez and other similarly situated former workers.

67.    Defendants failed to provide Plaintiff  Marquez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.    Defendants failed to provide Plaintiff Marquez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.    Plaintiff Marquez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

70.    At all relevant times, Plaintiff Marquez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

71.    The claims of Plaintiff Marquez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72.    Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

73.    At all times relevant to this action, Defendants were Plaintiff Marquez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

74.    Defendants had the power to hire and fire Plaintiff Marquez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.    Defendants failed to pay Plaintiff Marquez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.    Defendants' failure to pay Plaintiff Marquez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.    Plaintiff Marquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80.    Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

81.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Marquez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Marquez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.     Plaintiff Marquez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

84.     Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Marquez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

86.     Defendants had the power to hire and fire Plaintiff Marquez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Marquez less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Marquez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Marquez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

90.     Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Marquez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.     Defendants' failure to pay Plaintiff Marquez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

93.     Plaintiff Marquez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

94.     Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants failed to pay Plaintiff Marquez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Marquez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

96.     Defendants' failure to pay Plaintiff Marquez an additional hour's pay for each day Plaintiff Marquez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

97.     Plaintiff Marquez was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

98.    Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants failed to provide Plaintiff Marquez with a written notice, in English and in Spanish (Plaintiff Marquez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

100.    Defendants are liable to Plaintiff Marquez in the amount of $5,000, together with costs and attorneys' fees.

<u>SEVENTH CAUSE OF ACTION</u>

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

101.    Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

102.    With each payment of wages, Defendants failed to provide Plaintiff Marquez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

103.    Defendants are liable to Plaintiff Marquez in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

104.    Plaintiff Marquez repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants required Plaintiff Marquez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

106.    Plaintiff Marquez was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

107.    Plaintiff Marquez repeats and realleges all paragraphs above as though set forth fully herein.

108.    Defendants did not pay Plaintiff Marquez on a regular weekly basis, in violation of NYLL §191.

109.    Defendants are liable to Plaintiff Marquez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marquez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Marquez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Marquez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Marquez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Marquez and the FLSA Class members;

(f)    Awarding Plaintiff Marquez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Marquez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Marquez;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Marquez;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Marquez;

(k)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Marquez;

(l)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Marquez's compensation, hours, wages and any deductions or credits taken against wages;

(m)    Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Marquez;

(n)    Awarding Plaintiff Marquez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)    Awarding Plaintiff Marquez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)    Awarding Plaintiff Marquez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Marquez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Marquez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

  Plaintiff Marquez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        April 12, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 2, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Simon Marquez Maldonado

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              2 de abril 2019